■ LUIS F. AYORA, Plaintiff, v CLEMONS PROPERTIES PART-NERS et al., Defendants and Third-Party Plaintiffs, et al., Third-Party Defendant and Second Third-Party Defendant, et al., Second Third-Party Plaintiff. OTIS ELEVATOR CORP., Third Third-Party Plaintiff-Appellant, v KEYSTONE WIRE & IRON WORKS, INC., Third Third-Party Defendant-Respondent. [609 NYS2d 210] —Order, Supreme Court, Kings County (Gilbert Ramirez, J.), entered January 15, 1992, which denied appellant's motion for a protective order against respondent's notice of oral deposition of appellant's expert witness, unanimously modified, on the law, the facts and in the exercise of discretion, to delete from said order the words "and Keystone's connection, role or link in this litigation", and as so modified, otherwise affirmed, without costs.

We agree with the IAS Court that respondent should be able to question appellant's expert witness to determine the factual basis of his identification of the subject elevator parking lock as having been manufactured by respondent. While the court properly proscribed inquiry into the parking lock's causal relationship to the accident, it should also have proscribed inquiry of this witness, an engineer, into respondent's connection, link or role in the litigation as not being within his expertise (CPLR 3101 [d] [1]). Concur—Sullivan, J. P., Wallach, Ross, Asch and Tom, JJ.